John J. Quinn v. Commissioner.
Quinn v. Commissioner
Docket No. 6369.
United States Tax Court
1946 Tax Ct. Memo LEXIS 51; 5 T.C.M. (CCH) 894; T.C.M. (RIA) 46254; October 28, 1946
*51 W. H. Schulman, Esq., 17 Academy St., Newark 2, N.J., for the petitioner. A. H. Monacelli, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $10,450.29 in the petitioner's income tax for the calendar year 1941. The return, which was filed with the collector of internal revenue for the first district of New Jersey, showed a net loss of $12,356.18. The only adjustment which the Commissioner made was to disallow and add back to income $45,335.17 claimed on the return as a deduction for a bad debt. The only issue for decision is whether the Commissioner erred in making that adjustment. Findings of Fact The petitioner is an individual residing at Red Bank, Monmouth County, New Jersey. He was not experienced in the newspaper business. The Inter-Boro Publishing Company was organized on January 14, 1936, to acquire a newspaper known as Red Bank Standard with funds furnished by the petitioner. He was persuaded to acquire the newspaper by a friend in the newspaper business who then became manager of Inter-Boro. The petitioner, thereafter, at all times material hereto, was the actual owner of the controlling *52 interest in the publishing company, although he tried with considerable success to keep that fact from the public. Inter-Boro published a weekly newspaper until March 4, 1939, after which it was changed to a daily. Inter-Boro was never a success financially. The petitioner changed the management of the paper in February 1941. The petitioner at various times advanced money to Inter-Boro with the understanding and expectation that it would be repaid. The total amount loaned by him to Inter-Boro up to January 1, 1941 was $33,674. Inter-Boro at that time was insolvent and its liabilities, including its indebtedness to the petitioner, exceeded its assets by an amount less than the indebtedness due to the petitioner. The debts due the petitioner at that time were not wholly worthless. The petitioner made additional loans to Inter-Boro during 1941 in the total amount of $45,335.17. He made those advances in the hope and belief that Inter-Boro might be made a financial success. The total amount owed him by Inter-Boro at the end of 1941 was $79,009.17. Inter-Boro was insolvent at the close of 1941 and its liabilities, including its indebtedness to the petitioner, exceeded its assets of *53 $38,591.08 by the sum of $61,420.06. The petitioner determined near the close of the calendar year 1941 that the indebtedness due him from Inter-Boro was then partially worthless to the extent of $45,335.17. He also determined at that time to charge that amount of the debt off as a partially worthless debt and to deduct it on his return. He did not keep regular books of account. He had not claimed similar deductions previously. The petitioner, on his return for 1941, deducted $45,335.17 of the amount due him by Inter-Boro as a partially worthless debt. The petitioner has never recovered any portion of that amount from Inter-Boro. The petitioner continued to advance money to Inter-Boro during 1942 and a part of 1943. The indebtedness due to the petitioner from Inter-Boro was worthless to the extent of $45,335.17 at the end of 1941. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The respondent contends that any debts owing from Inter-Boro to the petitioner were wholly worthless at the close of 1940; the advances or loans made in 1941 were worthless debts as soon as they were made; the amounts turned over by the petitioner to Inter-Boro *54 in 1941 were gifts made by him to the newspaper because they furthered his political interests; and the petitioner is not entitled to any deduction for bad debts in this connection for 1941. The above contention is not supported by the evidence. It is quite apparent that the petitioner had real and substantial losses. The debts owed him by Inter-Boro were not wholly worthless at the close of 1940. Inter-Boro was then actively engaged in business publishing a newspaper. While it had not made a financial success of its business, nevertheless, it was still endeavoring to improve that situation, and while its liabilities exceeded its assets, nevertheless, its financial statement did not indicate that the debts were wholly worthless at that time. The petitioner was still hopeful that he could make the business a success. He changed the management in 1941 in an effort to make the business more profitable, but by the end of 1941 he became convinced that his debtor would never be able to repay him in full. He then charged off a part of the debt owing to him. The Commissioner does not contend that the debtor at that time or later was ever able to repay him any of that amount. The evidence *55 does not support the respondent's contention that the petitioner was pouring money into this newspaper for political reasons as opposed to his purpose of making a financial success of the business. The petitioner is entitled to the deduction claimed. Decision will be entered under Rule 50.